UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEANA GRANDY,

    Plaintiff,

v.

STATE OF CALIFORNIA, et al.,

    Defendants.

No. 2:19-cv-00774-MCE-KJN (PS)

FINDINGS AND RECOMMENDATIONS

Presently before the court are defendants' two separate motions to dismiss. (ECF Nos. 6 & 7.) On May 2, 2019, plaintiff, proceeding without counsel, filed the present action against the State of California, Sacramento County, Judge Gevercer, and Judge Winn. Plaintiff's complaint alleged her constitutional rights were violated when defendants prevented her from being appointed an attorney of her own choosing in a state probate proceeding.

Sacramento County filed a motion to dismiss on June 7, 2019, and judges Gevercer and Winn filed a joint motion to dismiss on June 14, 2019. A hearing for both motions was set for July 18, 2019, making plaintiff's response or non-opposition due by July 4, 2019, pursuant to Local Rule 230(c). Plaintiff failed to respond to defendants' motions, prompting the court to reset the hearing for August 29, 2019. Considering plaintiff's pro se status, the court granted plaintiff an extension to file oppositions to defendants' motions, ordering a response to be filed by August 15, 2019. Plaintiff again failed to file anything by that deadline. In light of plaintiff's failure to

1

file a timely opposition to defendants' motions to dismiss, after being afforded two opportunities to do so, the court took the motions to dismiss as submitted on briefs and vacated the second hearing. Plaintiff has taken no additional action in this matter.

A district court may properly dismiss a complaint on the basis that the plaintiff expresses no opposition to dismissal. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (dismissing complaint pursuant to local rule where plaintiff failed to file opposition to motion to dismiss); Sidorov ex rel. Natalya v. Transamerica Life Ins. Co., No. 2:17-CV-00002-KJM-DB, 2017 WL 2911676, at *2 (E.D. Cal. July 7, 2017) ("Although a court may not grant a motion for summary judgment simply because there is no opposition, the Ninth Circuit has repeatedly affirmed district courts that have dismissed a complaint on that basis." (citing Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993); Ghazali, 46 F.3d at 54; United States v. Warren, 601 F.2d 471, 473 (9th Cir. 1979))). The Local Rules of the United States District Court for the Eastern District of California contemplate that unopposed motions may be summarily granted. See L.R. 230(c) ("A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question."). And a party's "failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." Id. Furthermore, a district court may dismiss an action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Link v. Wabash R.R., 370 U.S. 626, 633 (1962).

While failure to file an opposition to a motion to dismiss can be proper grounds for dismissal, courts are instructed to weigh several factors before dismissing an action for that reason. Ghazali, 46 F.3d at 53. These factors include, "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)).

Plaintiff's failure to respond to defendants' motions has impeded the resolution of the instant litigation and has burdened the court's docket, consuming scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue. Although public policy

2

favors disposition of cases on their merits, plaintiff's repeated failure to respond to defendants' motions has precluded the court from doing so.  In addition, defendants are prejudiced by the inability to reply to plaintiff's opposition.  And on multiple occasions the court has granted plaintiff leave to respond to defendants' motions, yet plaintiff has not filed anything with the court since initiating the present action.  Therefore, considering the five factors mentioned above, the court recommends granting defendants' motions and dismissing the present action.[1]

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (ECF Nos. 6 & 7) be GRANTED.

2. The action be dismissed with prejudice.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may

////

////

---

[1] Although it appears that defendant "the State of California" has not been served, responded, or entered an appearance via counsel, the court recommends that the cause of action against them be dismissed as well.  "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995).  Here, all defendants are similarly situated and all of plaintiff's claims are integrally related, as the entire complaint pertains to the same dispute over appointed counsel (see ECF No. 1), and plaintiff has failed to prosecute the complaint.  Therefore, dismissal is appropriate as to all defendants.

3

waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 25, 2019

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

774.gran